UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHULIE JONES,

    Petitioner,                      Case No. 2:08-CV-13286

v.                                       HONORABLE STEPHEN J. MURPHY, III

LLOYD RAPELJE,

    Respondent.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Shulie Jones, ("petitioner"), confined at the Alger Maximum Correctional Facility in Alger, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Mr. Jones challenges his conviction for two counts of carjacking, in violation of Mich. Comp. L. § 750.529a; two counts of armed robbery, in violation of Mich. Comp. L. § 750.529; and possession of a firearm in the commission of a felony, in violation of Mich. Compl. L. § 750.227b. Warden Lloyd Rapelje, through the Michigan Attorney General's Office, has filed a motion to dismiss. For the reasons stated below, petitioner's application for a writ of habeas corpus is dismissed without prejudice.

**BACKGROUND**

Mr. Jones was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. The Michigan Court of Appeals affirmed Mr. Jones' conviction, but remanded for resentencing. *People v. Jones,* No. 264888, 2007 WL 548022, at *1 (Mich. Ct. App. Feb. 22, 2007). The Michigan Supreme Court denied leave to appeal. *People v.*

*Jones,* 479 Mich. 864 (2007).[1]

Mr. Jones seeks the issuance of a writ of habeas corpus on the following grounds:

Counsel was ineffective for failure to: 1) investigate the circumstances of Defendant's alleged statement; 2) object to the prosecutor's delayed disclosure (one day before trial) of an alleged signed confession; 3) request a *Walker* hearing before trial; 4) file a motion to suppress the pretrial identification by Tenisha Whitford; and 5) correctly report the applicable sentencing-guidelines range at Sentencing.

## DISCUSSION

The instant petition is subject to dismissal because it contains a claim which has not been exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *see also Reaves v. Hofbauer,* 433 F. Supp. 2d 833, 834 (E.D. Mich. 2006). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Id.; see also Grant v. Rivers*, 920 F. Supp. 769, 779 (E.D. Mich. 1996).

Mr. Jones' claim that trial counsel was ineffective for failing to move to suppress the

---

[1] In Attachment "B" to his petition, Mr. Jones indicates that he has filed a post-conviction motion for relief from judgment. The Wayne County Circuit Court docket sheet does not indicate that any such post-conviction motion has been filed. *See* This Court's Dkt. Entry # 13-1. Additionally, Mr. Jones does not contend that the Michigan Court of Appeals or the Michigan Supreme Court ever reviewed a denial of his motion for relief from judgment in this case. This Court has reviewed the Michigan Court of Appeals' internet website and there is no indication of any post-conviction appeal ever having been filed by Mr. Jones in this case. A Westlaw search has also failed to reveal any appeals filed by Mr. Jones other than his direct appeal in the Michigan Court of Appeals or the Michigan Supreme Court.

pre-trial identification by Tenisha Whitford was never presented to the state courts on his direct appeal, either to the Michigan Court of Appeals or to the Michigan Supreme Court.[2] Although Mr. Jones raised his remaining ineffective assistance of counsel claims on his direct appeal, petitioner's fourth ineffective assistance of counsel claim involving the failure to seek the suppression of Ms. Whitford's pre-trial identification was never presented to the state courts and hence remains unexhausted.

A habeas petitioner is required to present to the state courts "the same claim under the same theory" as that made out in the habeas petition. *Caver v. Straub,* 349 F.3d 340, 346-47 (6th Cir. 2003) (*citing Pillette v. Foltz,* 824 F.2d 494, 497 (6th Cir. 1987)). Because Mr. Jones' fourth ineffective assistance of counsel claim is different than the ineffective assistance of counsel claims presented during petitioner's direct appeals process, this claim has not been fairly presented to the state courts. *Cf. Brandon v. Stone,* 226 F. App'x 458, 459 (6th Cir. 2007) (state prisoner had not exhausted his state court remedies as to claim that trial counsel was ineffective for failing to advise him regarding the merits of the various plea offers set before him, where this particular instance of ineffectiveness had not been mentioned in his state court proceedings).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F.3d 398, 401 (6th Cir. 2003). Mr. Jones has an available state court remedy with which to exhaust his claim that his counsel was ineffective for failing to move to suppress Ms. Whitford's pretrial identification of Mr. Jones as the

---

[2] *See* Dkt. Entries # 13-10, 13-11.

perpetrator. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under M.C.R. 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Mr. Jones could exhaust this claim by filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). A habeas petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he has raised in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Mr. Jones therefore has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Mr. Jones' unexhausted claim should be addressed to, and considered by, the state courts in the first instance.

If outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, a federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Mr. Jones fails to allege cause for his failure to exhaust his unexhausted claim.

Therefore, the Court will dismiss the petition without prejudice rather than hold it in abeyance. *See e.g. Atkins v. Metrish,* No. 06-12420, 2007 WL 2812302, at * 3 (E.D. Mich. Sept. 26, 2007).

There is, however, an equitable remedy available to Mr. Jones. In *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718. Since the *pro se* petitioner had never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id.* The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The warden challenged this order, but the Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

In this case, Mr. Jones promptly filed his petition for writ of habeas corpus with this Court. Further, this Court cannot conclude that Mr. Jones' unexhausted ineffective assistance of counsel claim is plainly meritless. For these reasons, this Court will adopt the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove.* The Court will dismiss the petition without prejudice and the one-year limitations period shall be tolled from July 8, 2008, the date Mr. Jones filed his petition, until petitioner returns to federal court.[3] This tolling of the limitations period is contingent upon

---

[3] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on July 8, 2008, the date that it was signed and dated. *See*

5

Mr. Jones complying with the conditions indicated below.

## ORDER

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from July 8, 2008, the date that petitioner filed his habeas application, until the time petitioner returns to federal court to pursue habeas corpus relief, provided that petitioner returns to this Court to pursue habeas corpus relief within thirty days of the completion of his state post-conviction proceedings.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  July 13, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 13, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager

---

*Fugate v. Booker,* 321 F. Supp. 2d 857, 859, n. 2 (E.D. Mich. 2004).